**John A. WILLIAMS, Plaintiff,**

v.

**BARGE FOSS 253 and the Foss Launch & Tug Company, a corporation, Defendants.**

**No. C80–1188B.**

United States District Court, W. D. Washington.

Nov. 12, 1981.

Clark D. Silliman of Dubuar, Lirhus & Engel, Seattle, Wash., for plaintiff.

Richard A. Montgomery of Bogle & Gates and Jerome L. Rubin of Schweppe, Doolittle, Krug, Tausend & Beezer, Seattle, Wash., for defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

BEEKS, Senior District Judge.

Plaintiff sues to recover for injuries allegedly sustained on February 2, 1980 while employed as a seaman by defendant on the tug CLAUDIA FOSS. Williams also seeks recovery for maintenance. It is this aspect of the case which prompts this motion.

Williams seeks an order of partial summary judgment awarding him a daily payment of $9.00 for a period of 156 days; he claims this balance is due because Foss paid him only $13.00 per day during February 1, 1981 to July 6, 1981, rather than the $22.00 per day to which he is entitled.

Williams is a member of the Inlandboatmen's Union of the Pacific, Puget Sound Region (IBU). Defendant belongs to the Northwest Towboat Association (NTA), a multi-employer collective bargaining group that deals with, amongst other unions, IBU. In February of 1980, a collective bargaining agreement providing for maintenance at the rate of $13.00 per day was in effect. In December of 1980, IBU and NTA commenced negotiations for contract renewal as the contract then current was due to expire January 31, 1981. The discussions continued until a new agreement was signed on July 7, 1981.

In the new contract, the maintenance rate was raised to $22.00 per day. The immediate issue before the court concerns the effective date for this term; whether the new rate was to be effective July 7, 1981, or, as Williams maintains, retroactive to February 1, 1981. The contract provides, in part,

*Rule 38—Term of Agreement*

  *38.01* This agreement, as amended, shall be in full force and effect from February 1, 1981, except as otherwise stated, to and including January 31, 1984, and shall continue in full force and effect from year to year thereafter. . . .

Williams asserts that Rule 38 provides the effective date for the increased rate of maintenance. Defendant, however, offers that the effective date for the rate clause was one of many details that were left open for later consideration, and that it clearly was not included in a list detailing retroactive items that it is claimed were part and parcel of all negotiations and ensuing agreements.

██  A party moving for summary judgment bears the burden of establishing the absence of any issue of material fact.

*British Airways Bd. v. Boeing Co.*, 585 F.2d 946 (9th Cir. 1978). Viewing the evidence as a whole and drawing permissible inferences therefrom in the light most favorable to the nonmoving party, *DeVoto v. Pacific Fidelity Life Insurance Co.*, 516 F.2d 1 (9th Cir. 1975), the court is satisfied that a dispute exists as to whether the contract provides for retroactive application of the higher maintenance rate, a question of fact. This issue will be better resolved at trial when the court will be better able to determine the content and effect of the employment agreement entered into on July 7, 1981, as well as the rate of maintenance to which plaintiff may be entitled if Rule 38 and the contract of July 7th are found to be inapplicable, which determinations involve questions of fact.